**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| NICHOLAS MARTIN, on behalf of himself and the class members described herein, | ) ) ) | |
| Plaintiff, | ) ) ) | No.  11-cv-00859 |
| vs. | ) ) | Judge William J. Hibbler |
| SULLIVAN, DUPRE & ALDOUS, L.L.C. and WILD KINGDOM FITNESS ENTERPRISES, INC., CHEETAH BYMS, INC., JUNGLE GYM FITNESS CORPORATION, and WILSHIRE ENTERPRISES, INC., all doing business as CHEETAH GYM, | ) ) ) ) ) ) ) | Magistrate Judge Sidney I. Schenkier |
| Defendants. | ) ) | |

**SULLIVAN, DUPRE & ALDOUS, LLC'S ANSWER TO CLASS ACTION COMPLAINT**

Defendant, SULLIVAN, DUPRE & ALDOUS, LLC (Sullivan), by its attorneys, David M. Schultz and Michael Berger, and for its Answer to Plaintiff's Complaint, states as follows

1.      Plaintiff brings this action to secure redress from unlawful practices engaged in by Wild Kingdom Fitness Enterprises, Inc., Cheetah Gyms, Inc., Jungle Gym Fitness Corporation, and Wilshire Enterprises, Inc., all doing business as Cheetah Gym, and unlawful collection practices engaged in by defendant Sullivan, Dupre & Aldous, L.L.C.

**ANSWER:      Defendant admits plaintiff filed suit against it for allegedly unlawful collection practices.  Defendant denies it engaged in unlawful collection practices and denies each and every remaining allegation contained in paragraph 1.**

2.      Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA") and the Electronic Funds Transfer Act, 15 U.S.C. §1692 et seq. ("EFTA").

**ANSWER:** **Defendant admits plaintiff alleges violations of the FDCPA and the EFTA against the other named defendants. Defendant denies it violated the FDCPA.**

3.      The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

**ANSWER:** **Defendant admits that the FDCPA generally prohibits unfair and unconscionable collection methods. Defendant denies it committed any unfair or unconscionable actions in this case, denies FDCPA liability and denies each and every remaining allegation contained in paragraph 3.**

4.      The Electronic Funds Transfer Act, 15 U.S.C. §16923 et seq., regulates electronic funds transfers.

**ANSWER:** **Defendant admits the EFTA generally regulates electronic funds transfers. Defendant denies it violated the EFTA and denies the allegations contained in paragraph 4.**

## VENUE AND JURISDICTION

5.      This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 15 U.S.C. §1693m (Electronic Funds Transfer Act), 28 U.S.C. §§1331 (general federal question), 1337 (interstate commerce) and 1367 (supplemental jurisdiction).

**ANSWER:** **Defendant denies supplemental jurisdiction. Defendant admits jurisdiction under the FDCPA. Plaintiff did not sue defendant under the EFTA.**

6.      Venue and personal jurisdiction in this District are proper because:

a.      Defendants' collection communications were received by plaintiff within this District;

2

      b.      Defendants are located and/or transact business within this District.

**ANSWER:**    **Defendant does not contest venue or personal jurisdiction.**

## PARTIES

7.      Plaintiff is a resident of the Northern District of Illinois.

**ANSWER:**    **Defendant admits its business records contain an Illinois address for plaintiff.**

8.      Defendant Sullivan, Dupre & Aldous, L.L.C. is a limited liability company organized under the law of Louisiana which conducts business at 4262 Imperial Way, Provo, UT 84604, and 3900 N. Causeway Blvd., 1470 One Lakeway Center, Metairie, LA 70002. Its registered agent is Jeffrey N. Aldous, 4262 Imperial Way, Provo, UT 84604.

**ANSWER:**    **Defendant admits it is a limited liability company.  Defendant admits it is organized under the law of Louisiana.  Defendant admits it has offices located at 3900 North Causeway Blvd., Metairie, Louisiana 70002 and 4262 Imperial Way, Provo, UT 84604.  Defendant admits its registered agent is Jeffrey N. Aldous, 4262 Imperial Way, Provo, Utah 84604.  Defendant denies each and every remaining allegation contained in paragraph 8.**

9.      Defendant Sullivan, Dupre & Aldous, L.L.C. is engaged in the business of using the mails and telephone to collect consumer debts originally owed to others.

**ANSWER:**    **Defendant admits the allegations contained in paragraph 9.**

10.    Defendant Sullivan, Dupre & Aldous, L.L.C. maintains a Web site (www.lawsda.com) containing the following statements:

      a.      "THROUGH THIS WEBSITE WE ASSIST DELINQUENT INDIVIDUALS IN THEIR DEBT REPAYMENT OBLIGATIONS."

b.  "THIS WEBSITE HAS BEEN DESIGNED TO GIVE THE DEBTOR INFORMATION NEEDED TO FULFILL THEIR LEGAL OBLIGATIONS WITHOUT THE MATTER RESULTING IN POSSIBLE LEGAL ACTION."

c.  "Superior Legal Bad Debt Resolution."

**ANSWER:**  **Defendant admits it maintains a website located at www.lawsda.com. Defendant admits that its website contains the statements set forth in paragraph 10, subparagraphs a-c inclusive thereof.**

11.  Defendant Sullivan, Dupre & Aldous, L.L.C. is a debt collector as defined in the FDCPA.

**ANSWER:**  **Defendant admits the allegations contained in paragraph 11.**

12.  Defendant Wild Kingdom Fitness Enterprises, Inc. is an Illinois corporation. Its registered agent and office is Jerry C. Lagerquist, 1476 W. Berwyn, Chicago, IL 60640. Its sole officer is Reza Toulabi.

**ANSWER:**  **The allegations set forth in paragraph 12 are not directed to this defendant. Therefore no response is made. If a response is required, defendant is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 12.**

13.  Defendant Cheetah Gyms, Inc. is an Illinois corporation. Its registered agent and office is Jerry C. Lagerquist, 1476 W. Berwyn, Chicago, IL 60640. Its sole officer is Reza Toulabi.

**ANSWER:**  **The allegations set forth in paragraph 13 are not directed to this defendant. Therefore no response is made. If a response is required, defendant is without**

4

knowledge or information sufficient to admit or deny the allegations contained in paragraph 13.

14.     Defendant Wilshire Enterprises, Inc. is an Illinois corporation. Its registered agent and office is Jerry C. Lagerquist, 1476 W. Berwyn, Chicago, IL 60640. Its sole officer is Reza Toulabi.

**ANSWER:    The allegations set forth in paragraph 14 are not directed to this defendant. Therefore no response is made. If a response is required, defendant is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 14.**

15.     Defendant Jungle Gym Fitness Corporation is an Illinois corporation. Its registered agent and office is Jerry C. Lagerquist, 1476 W. Berwyn, Chicago, IL 60640. Its sole officer is Reza Toulabi.

**ANSWER:    The allegations set forth in paragraph 15 are not directed to this defendant. Therefore no response is made. If a response is required, defendant is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 15.**

16.     On information and belief, defendants Wild Kingdom Fitness Enterprises, Inc., Jungle Gym Fitness Corporation, Cheetah Gyms, Inc., and Wilshire Enterprises, Inc. operate the Cheetah Gym at 5238-5252 N. Clark Street, Chicago, IL 60640, among other locations.

**ANSWER:    The allegations set forth in paragraph 16 are not directed to this defendant. Therefore no response is made. If a response is required, defendant is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 16.**

130079266v1  0921534  75575

17.     Cheetah Gyms, Inc. holds the business license for the Cheetah Gym at 5238-5252 N. Clark Street, Chicago, IL 60640.

**ANSWER:   The allegations set forth in paragraph 17 are not directed to this defendant.  Therefore no response is made.  If a response is required, defendant is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 17.**

### FACTS

18.     Defendant Sullivan, Dupre & Aldous, L.L.C. has been attempting to collect from plaintiff an alleged debt incurred for personal, family or household purposes, namely a health club membership contract that plaintiff sought to cancel.

**ANSWER:   Defendant admits that it attempted to collect plaintiff's debt for health club membership.  Defendant denies each and every remaining allegation contained in paragraph 18.**

19.     The alleged debt arises from a contract for a health club membership that plaintiff entered into, attached as Exhibit A.

**ANSWER:   Defendant is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 19.**

20.     Exhibit A lists as the other contracting parties (a) Wildcat Fitness, LLC; (b) Wilshire Enterprises, Inc., (c) Jungle Gym, Inc. and (d) Wild Kingdom Fitness Enterprises, Inc.

**ANSWER:   Defendant is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 20.**

21.     No Wildcat Fitness, LLC has ever been chartered by or authorized to do business in Illinois.

130079266v1  0921534  75575

**ANSWER:** The allegations set forth in paragraph 21 are not directed to this defendant. Therefore no response is made. If a response is required, defendant is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 21.

22. On information and belief, "Jungle Gym, Inc." is used to describe Jungle Gym Fitness Corporation.

**ANSWER:** The allegations set forth in paragraph 22 are not directed to this defendant. Therefore no response is made. If a response is required, defendant is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 22.

23. Cheetah Gyms, Inc. is not listed as a contracting party, but is the party in fact authorized by the City of Chicago to operate the Cheetah Gym at 5238-5252 N. Clark Street, Chicago, IL 60640.

**ANSWER:** The allegations set forth in paragraph 23 are not directed to this defendant. Therefore no response is made. If a response is required, defendant is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 23.

24. Exhibit A provides for payment by means of electronic fund transfers.

**ANSWER:** The allegations set forth in paragraph 24 are not directed to this defendant. Therefore no response is made. If a response is required, defendant is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 24.

130079266v1  0921534  75575

25.     On July 23, 2010, plaintiff sent the letter attached as <u>Exhibit B</u> to the Cheetah Gym at its usual mailing address of 5248 N. Clark Street, Chicago, IL 60640. It was delivered the next day, as shown by <u>Exhibit C</u>.

**<u>ANSWER:</u>     Defendant admits that Exhibit B to the Complaint purports to be a copy of the July 23, 2010 letter plaintiff sent to Cheetah Gym at a Clark Street address in Chicago, Illinois.  Defendant is without knowledge or information sufficient to admit or deny the remaining allegations contained in paragraph 25.**

26.     Thereafter, Cheetah Gym attempted to debit plaintiff's account on at least one occasion.

**<u>ANSWER:</u>     The allegations set forth in paragraph 26 are not directed to this defendant.  Therefore no response is made.  If a response is required, defendant is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 26.**

27.     On or about November 2, 2010, Sullivan, Dupre & Aldous, L.L.C. sent plaintiff the letter attached as <u>Exhibit D</u>.

**<u>ANSWER:</u>     Defendant admits the allegations contained in paragraph 27.**

28.     <u>Exhibit D</u> is the first letter plaintiff received from Sullivan, Dupre & Aldous, L.L.C.

**<u>ANSWER:</u>     Defendant is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 28 because information regarding whether Exhibit D was the first letter plaintiff received is better directed to plaintiff.**

29.     On information and belief, <u>Exhibit D</u> is the first letter sent to plaintiff by Sullivan, Dupre & Aldous, L.L.C.

8

**ANSWER:    Defendant admits the allegations contained in paragraph 29.**

30.    On information and belief, Exhibit D is a form letter regularly used by Sullivan, Dupre & Aldous, L.L.C. as the initial letter it sends to a consumer.

**ANSWER:    Defendant admits the allegations contained in paragraph 30.**

31.    Exhibit D states that any dispute must be submitted in writing.

**ANSWER:    Defendant denies the allegations contained in paragraph 31.**

32.    Exhibit D states that "it may be necessary for us to seek the services of local legal counsel in your area to file an action against you, as the debtor, for the outstanding balance, plus any court costs and reasonable attorney's fees incurred in taking the action."

**ANSWER:    Defendant admits the allegations contained in paragraph 32.**

33.    Exhibit D also references the Web site www.lawsda.com, containing the statements quoted above.

**ANSWER:    Defendant admits Exhibit D references www.lawsda.com.  Defendant denies each and every remaining allegation contained in paragraph 33.**

34.    On information and belief, based on a docket search, none of the defendants other than Sullivan, Dupre & Aldous, L.L.C. ordinarily file debt collection actions in Illinois.

**ANSWER:    Defendant is without knowledge and information sufficient to admit or deny the allegations contained in paragraph 34.**

35.    Exhibit D demands the full amount of the membership, without reduction for the cost of providing services, plus purported collection fees.

**ANSWER:    Defendant denies the allegations contained in paragraph 35.**

36.    Such demand is for an unenforceable penalty.

**ANSWER:    Defendant denies the allegations contained in paragraph 36.**

37.    On or about November 9, 2010 through December 1, 2010, a representative of defendant Sullivan, Dupre & Aldous, L.L.C. left six voicemail messages on the voicemail associated with plaintiff's cellular telephone.

**ANSWER:    Defendant admits that it called plaintiff and left six messages for him. Defendant denies the remaining allegations contained in paragraph 37.**

38.    The first message, on November 9, 2010, was as follows:

Nicholas Martin, this is Henry with Sullivan, Dupre, Aldous, Attorneys at Law. Nicholas, please call us today regarding this matter you do have assigned to us. The number you need to reach us at today is 1-888-221-5155. Please call us back today. Thank you. Bye.

**ANSWER:    Defendant denies the allegations contained in paragraph 38.**

39.    The second message, on November 10, 2010, was as follows:

Nicholas, this is Henry at Sullivan, Dupre, Aldous Attorneys At Law office. Nicholas, please call our office today regarding this matter you do have assigned to us. The number you need to reach us at today Nicholas is 1-888-221-5155. Please call us today regarding this matter you do have assigned to our law offices. Thank you. Bye.

**ANSWER:    Defendant denies the allegations contained in paragraph 39.**

40.    The third message, on November 16, 2010, was as follows:

Nicholas, this is Henry with Sullivan Dupre Aldous Attorneys at Law. Nicholas, please call us today regarding this matter you do have assigned to our law offices. The number you need to reach us at today Nicholas is 1-888-221-5155. That's 1- 888-221-5155. Thank you. Bye.

**ANSWER:    Defendant denies the allegations contained in paragraph 40.**

41.    The fourth message, on November 30, 2010, was as follows:

Nicholas Martin, this is Henry with Sullivan Dupre Aldous Attorneys at Law. Nicholas, we've called you now various times from our office. It's your responsibility to call us today. The number is 1-888-221-5155. That's 1-888-2215155. Thank you. Bye.

**ANSWER:    Defendant denies the allegations contained in paragraph 41.**

42.    The fifth message, also on November 30, 2010, was as follows:

Nicholas Martin, this is Henry with Sullivan Dupre Aldous Attorneys at Law. Nicholas, please call us today. Number is 1-888-221-5155.

**ANSWER:** **Defendant denies the allegations contained in paragraph 42.**

43.     The sixth message, on December 1, 2010, was as follows:

Nicholas, this is Henry with Sullivan Dupre Aldous Attorneys at Law. Nicholas, please call us today regarding this matter you do have assigned to our law offices. The number you need to reach us at today Nicholas is 1-888-221-5155. That's 1888-221-5155. Thank you. Bye.

**ANSWER:** **Defendant denies the allegations contained in paragraph 43.**

## COUNT I — FDCPA — CLASS CLAIM

44.     Plaintiff incorporates paragraphs 1-43.

**ANSWER:** **Defendant restates and realleges its answers to paragraphs 1-43 above as and for its answer to paragraph 44.**

45.     The form of letter represented by Exhibit D violates 15 U.S.C. §1692g, in that it:

      a.     Fails to disclose the right to request verification;

      b.     Fails to disclose the right to request identification of the original creditor;

      c.     Requires that any dispute be submitted in writing, which is not required by 15 U.S.C. § 1692g.

      d.     Demands "immediate debt resolution upon your receipt of this letter" and refers to legal action.

**ANSWER:** **Defendant denies the allegations contained in paragraph 45, subparagraphs a. through d. inclusive thereof.**

46.     Section 1692g provides:

**§ 1692g. Validation of debts**

**(a) Notice of debt; contents. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial**

11

communication or the consumer has paid the debt, send the consumer a written notice containing--

    (1)      the amount of the debt;

    (2)      the name of the creditor to whom the debt is owed; 6

    (3)      a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

    (4)      a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

    (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(b)      Disputed debts. If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

(c)      Admission of liability. The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.

(d)      Legal pleadings. A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a).

**(e)      Notice provisions. The sending or delivery of any form or notice which does not relate to the collection of a debt and is expressly required by the Internal Revenue Code of 1986 [26 USCS 1 et seq.], title V of GrammLeach-Bliley Act [15 USCS 6801 et seq.], or any provision of Federal or State law relating to notice of data security breach or privacy, or any regulation prescribed under any such provision of law, shall not be treated as an initial communication in connection with debt collection for purposes of this section.**

**ANSWER:** **Defendant states that paragraph 46 recites portions of §1692g. Defendant denies it violated §1692g.**

47.      Plaintiff alleges on information and belief, based on the misidentification of the creditor, that no attorney had any meaningful professional involvement with <u>Exhibit D</u>, in violation of 15 U.S.C. §§1692e and 1692e(3).

**ANSWER:** **Defendant denies the allegations contained in paragraph 47.**

48.      Section 1692e provides:

**§ 1692e.      False or misleading representations [Section 807 of P.L.]**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(2)      The false representation of—**

**(A)      the character, amount, or legal status of any debt; . . .**

**(3)      The false representation or implication that any individual is an attorney or that any communication is from an attorney. . . .**

**(5)      The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .**

**(10)  The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

**ANSWER:** **Defendant states that paragraph 48 recites portions of §1692e. Defendant denies it violated §1692e.**

130079266v1  0921534  75575

## CLASS ALLEGATIONS

49.     Pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3), plaintiff brings this claim on behalf of a class.

**ANSWER:     Defendant admits plaintiff brings this claim on behalf of a class. Defendant denies a class exists or that one should be certified.**

50.     The class consists of (a) all natural persons with Illinois addresses (b) who were sent a letter in the form represented by <u>Exhibit D</u> (c) on or after a date one year prior to the filing of this action, and (d) on or before a date 20 days after the filing of this action.

**ANSWER:     Defendant denies that a class exists or that one should be certified.**

51.     The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members.

**ANSWER:     Defendant denies the allegations contained in paragraph 51.**

52.     There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members. The predominant common questions are:

      a.     Whether defendant's standard form letter complies with 15 U.S.C. §1692g, in that it requires a written dispute and indicates legal action will be forthcoming absent "immediate debt resolution upon your receipt of this letter."

      b.     Whether any attorney had meaningful professional involvement with the letter;

**ANSWER:     Defendant denies the allegations contained in paragraph 52, subparagraphs a. and b. inclusive thereof.**

130079266v1  0921534  75575

53.     Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

**ANSWER:     Defendant denies the allegations contained in paragraph 53.**

54.     Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

**ANSWER:     Defendant denies the allegations contained in paragraph 54.**

55.     A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible. Many debtors may not realize that their rights are violated.

**ANSWER:     Defendant denies the allegations contained in paragraph 55.**

**COUNT II — FDCPA — CLASS CLAIM**

56.     Plaintiff incorporates paragraphs 1-43.

**ANSWER:     Defendant restates and realleges its answers to paragraphs 1-43 above as and for its answer to paragraph 56.**

57.     <u>Exhibit D</u> identifies the creditor as "French Riviera Health Spa, Inc."

**ANSWER:     Defendant admits the allegations contained in paragraph 57.**

58.     No such entity has ever been chartered by or authorized to do business in Illinois.

**ANSWER:     Defendant denies the allegations contained in paragraph 58.**

59.     The identification of the creditor as "French Riviera Health Spa, Inc." therefore violates 15 U.S.C. §1692g(a)(2).

**ANSWER:     Defendant denies the allegations contained in paragraph 59.**

60.     The references to litigation in <u>Exhibit D</u> are false. No collection actions are normally filed in Illinois by Sullivan, Dupre & Aldous, L.L.C., the companies referred to in <u>Exhibit A</u>, or the companies involved in the operation of the Cheetah Gym.

130079266v1 0921534 75575

**ANSWER:** Defendant denies the allegations contained in paragraph 60.

61. The references to litigation therefore violate 15 U.S.C. §§1692e, 1692e(5), and 1692e(10).

**ANSWER:** Defendant denies the allegations contained in paragraph 61.

62. The demand for a penalty violates 15 U.S.C. §§1692e, 1692e(2), and 1692f(1).

**ANSWER:** Defendant denies the allegations contained in paragraph 62.

63. Section 1692f provides:

> **§ 1692f.      Unfair practices [Section 808 of P.L.]**
>
> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **(1)     The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law....**

**ANSWER:** Defendant states that paragraph 63 recites portions of §1692f. Defendant denies it violated §1692f.

## CLASS ALLEGATIONS

64. Pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3), plaintiff brings this claim on behalf of a class.

**ANSWER:** Defendant admits plaintiff brings this claim on behalf of a class. Defendant denies a class exists or that one should be certified.

65. The class consists of (a) all natural persons with Illinois addresses (b) who were sent a letter in the form represented by Exhibit D (c) seeking to collect a debt for "Cheetah Gym," or on behalf of one or more of the other defendants herein, (d) that was sent after a date

130079266v1  0921534  75575

one year prior to the filing of this action, and (e) on or before a date 20 days after the filing of this action.

**ANSWER:** **Defendant denies that a class exists or that one should be certified.**

66. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members of each.

**ANSWER:** **Defendant denies the allegations contained in paragraph 66.**

67. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members. The predominant common questions are:

a. Whether defendant's standard form letter complies with 15 U.S.C. §1692g, in that it does not correctly identify the creditor;

b. Whether the letter includes a false threat of litigation, in violation of 15 U.S.C. §1692e; and

c. Whether it seeks amounts which are not owed, in violation of 15 U.S.C. §1692e and 15 U.S.C. §1692f.

**ANSWER:** **Defendant denies the allegations contained in paragraph 67, subparagraphs a. through c. inclusive thereof.**

68. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

**ANSWER:** **Defendant denies the allegations contained in paragraph 68.**

69. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

**ANSWER:** **Defendant denies the allegations contained in paragraph 69.**

70.     A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible. Many debtors may not realize that their rights are violated.

**ANSWER:     Defendant denies the allegations contained in paragraph 70.**

**COUNT III — FDCPA — CLASS CLAIM**

71.     Plaintiff incorporates paragraphs 1-43.

**ANSWER:     Defendant restates and realleges its answers to paragraphs 1-43 above as and for its answer to paragraph 71.**

72.     Defendant's telephone messages violated 15 U.S.C. §1692e(11).

**ANSWER:     Defendant denies the allegations contained in paragraph 72.**

73.     On information and belief, based on the fact that several messages were left that did not state that they were for collection purposes, defendant instructs its personnel to not state that messages are for collection purposes.

**ANSWER:     Defendant denies the allegations contained in paragraph 73.**

74.     Each telephone message was a "communication" within the meaning of 15 U.S.C. §1692e. *Ramirez v. Apex Financial Mgmt., LLC*, 567 F.Supp.2d 1035 (N.D.I11. 2008); *Foti v. NCO Financial Systems*, 424 F.Supp.2d 643, 669 (S.D.N.Y. 2006); *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F.Supp.2d 1104, 1112, 1118 (C.D.Cal. 2005); *Joseph v. J. J. MacIntyre Cos.*, 281 F.Supp.2d 1156 (N.D.Cal. 2003); *Stinson v. Asset Acceptance, LLC*, 1:05cv1026, 2006 WL 1647134, 2006 U.S. Dist. LEXIS 42266 (E.D. Va., June 12, 2006); *Belin v. Litton Loan Servicing, LP*, 8:06-cv-760-T-24 EAJ, 2006 U.S. Dist. LEXIS 47953 (M.D.Fla., July 14, 2006); *Leyse v. Corporation Collection Servs.*, 03 Civ. 8491, 2006 U.S.Dist. LEXIS 67719 (S.D.N.Y. Sept. 18, 2006).

**ANSWER:     Defendant denies the allegations contained in paragraph 74.**

130079266v1  0921534  75575

75. The telephone messages violate 15 U.S.C. §1692e(11) because they do not contain the warning required by 15 U.S.C. §1692e(11).

**ANSWER:** **Defendant denies the allegations contained in paragraph 75.**

76. Section 1692e provides:

**§ 1692e.** **False or misleading representations [Section 807 of P.L.]**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: ...**

**(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action....**

**ANSWER:** **Defendant states that paragraph 76 recites portions of §1692e. Defendant denies it violated §1692e.**

## CLASS ALLEGATIONS

77. Pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3), plaintiff brings this claim on behalf of a class.

**ANSWER:** **Defendant admits plaintiff brings this claim on behalf of a class. Defendant denies a class exists or that one should be certified.**

78. The class consists of (a) all natural persons with Illinois telephone numbers (b) for whom defendant left a message (c) that did not state that it was for collection purposes (d) on or after a date one year prior to the filing of this action, and (e) on or before a date 20 days after the filing of this action.

**ANSWER:** **Defendant denies that a class exists or that one should be certified.**

130079266v1  0921534  75575

79.     The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members.

**ANSWER:     Defendant denies the allegations contained in paragraph 79.**

80.     There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether defendant has a practice of leaving telephone messages which do not state that they are for collection purposes.

**ANSWER:     Defendant denies the allegations contained in paragraph 80.**

81.     Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

**ANSWER:     Defendant denies the allegations contained in paragraph 81.**

82.     Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

**ANSWER:     Defendant denies the allegations contained in paragraph 82.**

83.     A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible. Many debtors may not realize that their rights are violated.

**ANSWER:     Defendant denies the allegations contained in paragraph 83.**

**COUNT IV -- ELECTRONIC FUNDS TRANSFER ACT**

84.     Plaintiff incorporates paragraphs 1-43.

**ANSWER:     Defendant restates and realleges its answers to paragraphs 1-43 above as and for its answer to paragraph 84.**

85.     This claim is against the defendants other than Sullivan, Dupree & Aldous, L.L.C.

**ANSWER:     Defendant admits the allegations contained in paragraph 85.**

20

86.     The Electronic Funds Transfer Act, 15 U.S.C. §1693 et seq. ("EFTA"), prohibits unauthorized electronic funds transfers. 15 U.S.C. §1693g(e).

**ANSWER:     The allegations set forth in paragraph 86 are not directed to this defendant.  Therefore, no response is made.  If a response is required, defendant denies the allegations contained in paragraph 86.**

87.     Defendants violated the EFTA by attempting to debit plaintiff's bank account without authority, after plaintiff had sent defendants Exhibit B.

**ANSWER:     The allegations set forth in paragraph 87 are not directed to this defendant.  Therefore, no response is made.  If a response is required, defendant denies the allegations contained in paragraph 87.**

88.     Defendants are liable under 15 U.S.C. §1693m for statutory and actual damages, reasonable attorney's fees and costs.

**ANSWER:     The allegations set forth in paragraph 88 are not directed to this defendant.  Therefore, no response is made.  If a response is required, defendant denies the allegations contained in paragraph 88.**

WHEREFORE, Defendant, SULLIVAN, DUPRE & ALDOUS, LLC, respectfully requests that judgment be entered in its favor and against plaintiff on Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Defendant states that any violation of the FDCPA, which it denies occurred, was the result of a bona fide error that occurred despite its maintenance of procedures reasonably designed to avoid such error.  *See* 15 U.S.C. §1692k.  Defendant reviews its collection letters, aims to lawfully verify debts and reviews its messages to ensure they are FDCPA and state law

compliant. Moreover, plaintiff did not instruct defendant to cease contacting him via telephone and requested a validation letter when he spoke to defendant on November 2, 2011. Defendant obtained the phone number for plaintiff from its client, Cheetah Gym, and it is reasonable for defendant to rely on a creditor client's information. *Hyman v. Tate*, 362 F.3d 965 (7th Cir. 2004).

## Second Affirmative Defense

Defendant states that the damages alleged by plaintiff may have been the result of superseding and/or intervening causes.

## Third Affirmative Defense

Defendant states that plaintiff's cause of action is barred as a result of plaintiff's failure to mitigate damages and/or injury.

## Fourth Affirmative Defense

Defendant states that plaintiff suffered no damages from the allegation violations she attributes to defendant and therefore is not entitled to any award of damages, attorneys fees or costs.

Respectfully submitted,

By:     */s/Corinne C. Heggie*
One of the Attorneys for Defendant,
**Sullivan, Dupre & Aldous, LLC**

David M. Schultz
Corinne C. Heggie
HINSHAW & CULBERTSON LLP
222 N. LaSalle Street, Suite 300
Chicago, IL  60601-1081
312-704-3000
(f) 312-704-3001
dschultz@hinshawlaw.com
cheggie@hinshawlaw.com

130079266v1  0921534  75575